Brian T. Dailey (P39945)
Justin G. Grove (P71253)
Dailey Law Firm, P.C.
28000 Woodward, Suite 201
Royal Oak, Michigan 48067
Phone: (248) 744-5005
Facsimile: (248) 744-4440
Email: brian@daileylawyers.com
	justin@daileylawyers.com

Thomas D. Pigott (Ohio 0062919)
Pigott, Ltd.
2620 N. Centennial Road, Unit H
Toledo, Ohio  43617
Phone: (419) 776-4567
Facsimile: (419) 776-4568
Email: tpigott@pigottlaw.com

	Attorneys for Plaintiffs
_____/

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
* * * * * * * *

| | |
|---|---|
| MARLYA DEPAUW and SHARON & TERRANCE LAFRANCE, Individually and as Representatives of a Class of Individuals Similarly Situated, | Case Number: **2:11-cv-12032** <br><br> JUDGE: <br><br> Magistrate Judge: |
| Plaintiffs, | |
| v. | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. <br> c/o The Corporation Trust Company, as Statutory Agent <br> Corporation Trust Center <br> 1209 Orange Street <br> New Castle, DE  19801, | |
| Defendant. | |

___

**CLASS ACTION COMPLAINT WITH DEMAND FOR JURY TRIAL ENDORSED HEREON**

___

Plaintiffs, Marlya Depauw along with Sharon and Terrance Lafrance, on behalf of themselves and others similarly situated herby bring this action against Defendants and for their complaint hereby allege as follows:

## INTRODUCTION

**MERS and the April 21, 2011, Ruling of the State of Michigan Court of Appeals**

1.   Mortgage Electronic Registration System, Inc. ("MERS") is a wholly-owned subsidiary of MERSCORP, Inc. with both providing services to financial institutions relative to residential mortgages including their tracking, registering and at times acting as mortgagee of record in the capacity of nominee or agent of their lender member clients.

2.   The shareholders and institutional members of MERS include federally regulated depository, banking and lending institutions, their subsidiaries and affiliates that own and/or service residential mortgages.

3.   Based upon their members' status, MERS is also subject to the jurisdiction of the Office of the Comptroller of the Currency, the Board of Governors of the Federal Reserve, the Federal Deposit Insurance Corporation, the Office of Thrift Supervision, and the Federal Housing Finance Agency, and other appropriate Federal banking agencies, as defined by subsection 1(b)(1) of the Bank Service Company Act, 12 U.S.C. § 1861(b)(1).

4.   MERSCORP, Inc. operates a national registry that tracks ownership and servicing rights relative to residential mortgages.  There are approximately 5,000 members of MERS, of which 3,000 are mortgage servicers.

5.   Under information and belief, MERS maintains a database of approximately 31 million active residential mortgages.

6.   MERS was originally founded by mortgage lenders to establish a central database and holder of promissory notes and mortgages to easily effectuate the aggregation of mortgages for securitization and sale as a portfolio of mortgages to individual and institutional investors.

7.   An additional reasoning for the founding of MERS was, as the central holder of mortgages for the industry, mortgages could be sold and transferred upon the books and records of MERS without any attendant filing of the mortgage transferred in the land records of the individual counties where the real property was located.

8. MERS, and its founding lenders, had determined that without the need to record mortgages upon the land records of individual counties each time a transfer or sale occurred, MERS members could save millions of dollars in transfer and recording fees.

9. MERS' decision to avoid the filing of mortgages upon transfer in the county where the property is located, has resulted in the loss of millions of dollars to county and state governments and taxpayers, from the collection of required transfer and recording fees.

10. Among other things, MERS normally acts on behalf of its members serving as mortgagee of record, in a solely nominee capacity, for its members in local land recordings and foreclosure lawsuits.

11. Under information and belief, MERS does not normally own any legal right or interest in the note associated with the attendant mortgage, and is therefore not a noteholder.

12. MERS has acted in a mortgagee nominee capacity on behalf of its members and within the State of Michigan for more than five (5) years.

13. MERS, for itself and at the direction of, and on behalf of, its members, has filed thousands of foreclosures by advertisement in the State of Michigan.

14. During this period, MERS has illegally prosecuted numerous non-judicial foreclosures by advertisement as permitted under MCL 600.3201, *et seq*., purchased the property at the subsequent sheriff's sales and then quit-claim deeded the properties to its associated note holding member.

15. Under information and belief MERS has adopted this illegal practice of circumventing the required judicial foreclosure process in order to obtain title to mortgaged properties in less time, at substantially less cost and to usurp the due process rights of mortgagor homeowners as included within the Class.

16. In many of the actions filed by MERS, mortgagor homeowners responded by filing pleadings arguing that MERS did not have the capacity to foreclose by advertisement as they did not own or have any interest in the underlying indebtedness.

17. In response to these challenges, MERS would normally answer by providing confusing loan documents and claiming an interest in the underlying debt, even though they knew this was not true and that they were not complying with the requirements of MCL 600.3201, *et seq.*

18. Even in the face of these challenges, MERS did, and continued for a period of years, to knowingly, fraudulently and illegally foreclose using a State law upon which they had no authority or right to utilize.

19. In these cases, MERS lacked the authority to foreclose by advertisement pursuant to MCL 600.3201, *et seq.*, as MERS was never either the owner of the underlying indebtedness or loan and was not the servicing agent of the mortgage.

20. On April 21, 2011, the State of Michigan, Court of Appeals in the consolidated case of Residential Funding Co., LLC v. Gerald Saurman, (*Residential Funding Co, LLC v. Saurman*, 290248, 291443 (MICA)), issued a ruling stating in pertinent part that in cases where MERS did not own the underlying indebtedness, did not own an interest in the indebtedness secured by the mortgage, or did not service the mortgage, MERS was therefore unable to comply with the statutory requirements of MCL 600.3201(1)(d), and subsequently had no right to foreclose by advertisement.

21. The Court of Appeals continued, and ruled that in those such cases where MERS did foreclose by advertisement upon the foregoing conditions rendered those foreclosure proceedings void *ab initio*.

22. **The Class of Plaintiffs in this action consists of all owners of residential real property located within the State of Michigan, whose property was illegally foreclosed upon by MERS, through the use of the non-judicial foreclosure by advertisement procedures as prescribed in MCL 600.3201,** *et seq.*

## PARTIES

23. Plaintiffs restate their foregoing allegations as if fully set forth herein.

24. Plaintiff Marlya Depauw is of legal age and was at all times relevant hereto, a resident of the County of Oakland, State of Michigan, the legal title holder and owner of certain residential real property located within the County of Oakland, State of Michigan, and upon which MERS illegally foreclosed through the use of non-judicial foreclosures by advertisement as otherwise permitted under MCL 600.3201, *et seq*.

25. Plaintiffs Sharon Lafrance and Terrance Lafrance are a married couple and are of legal age and were at all times relevant hereto, residents of the County of Saint Clair, State of Michigan, were the legal title holders and owners of certain residential real property located within the County of Saint Clair, State of Michigan, and upon which MERS illegally foreclosed through the use of non-judicial foreclosures by advertisement as otherwise permitted under MCL 600.3201, *et seq*.

26. Under information and belief, Mortgage Electronic Registration Systems, Inc. is a Delaware Corporation with its statutory agent on record with the Delaware Division of Corporations as set forth in the caption hereto.

27. At all times relevant hereto MERS conducted substantial business within the State of Michigan, frequently utilized the laws and Courts of the State of Michigan and thereby did subject itself to the laws and jurisdiction of the State of Michigan.

## JURISDICTION AND VENUE

28. Plaintiffs restate their foregoing allegations as if fully set forth herein.

29. This court has jurisdiction over this action under 28 U.S.C. § 1332(d)(2). The amount in controversy between the Class, as defined herein, and the Defendant exceeds One Hundred Million Dollars ($100,000,000.00), exclusive of interest and costs. **The Class of Plaintiffs in this action consists of all owners of residential real property located within the State of Michigan, whose property was illegally foreclosed upon by MERS, through the use of the non-judicial foreclosure by advertisement procedures as prescribed in MCL 600.3201,** *et seq.* Defendant is a foreign corporation conducting a considerable amount of business within the State of Michigan.

30. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that Plaintiffs are residents of this district, a vast majority of the acts and transactions giving rise to this action occurred in this district, and because MERS:

   a. is authorized to conduct business in this district and has availed itself of the laws and markets within this district by routinely corresponding with residents of the district and through the utilization of the courts, both state and federal, of this district;
   b. does substantial business in this district; and
   c. is subject to personal jurisdiction in this district.

## INDIVIDUAL PLAINTIFFS FACTS

31. Plaintiffs restate their foregoing allegations as if fully set forth herein.

32. Absent title to her real property being illegally misappropriated, Plaintiff Marlya Depauw, was and remains the legal title holder and owner of certain residential real property located within the County of Oakland, State of Michigan, and upon which MERS on or about

May 27, 2008, illegally foreclosed through the use of non-judicial foreclosures by advertisement as otherwise permitted under MCL 600.3201, *et seq.*, her property was sold at sheriff's sale and transferred to Defendant MERS, and she is in the process of being evicted from her property.

33. Absent title to their real property being illegally misappropriated, Plaintiffs Sharon Lafrance and Terrance Lafrance were and remain the <u>legal</u> title holders and owners of certain residential real property located within the County of Saint Clair, State of Michigan, and upon which MERS illegally foreclosed through the use of non-judicial foreclosures by advertisement as otherwise permitted under MCL 600.3201, *et seq.*, and their property was sold at sheriff's sale and transferred in 2010 to MERS.

## CLASS ACTION ALLEGATIONS AND CLASS STATUS

34. Plaintiffs restate their foregoing allegations as if fully set forth herein.

35. The Plaintiffs bring this action on behalf of themselves and proposed plaintiff Class members under Rules 23(b)(2) and (3) of the Federal Rules of Civil Procedure.

36. The proposed Class consists of:

> **All owners of residential real property located within the State of Michigan, whose property was illegally foreclosed upon by MERS, through the use of the non-judicial foreclosure by advertisement procedures as prescribed in MCL 600.3201,** *et seq.*

37. While the exact number of Class members is unknown to the Plaintiffs at this time, there are hundreds if not thousands of members of the proposed Class, as can be estimated from the current foreclosure crisis within the nation as well as the State of Michigan and the fact that MERS members consist of the vast majority of financial institutions filing mortgage foreclosure actions.

38. Though there are several thousand members of the Class, the identity of these individuals is easily ascertainable from the records of Defendant MERS.

39. The Class is so numerous that joinder of all members of the Class is impracticable.

40. This action involves questions of law and fact common to all Class members because all Class members were owners of residential real property located within the State of Michigan, whose property was illegally foreclosed upon by MERS, through the use of the non-judicial foreclosure by advertisement procedures as prescribed in MCL 600.3201, *et seq.* These questions predominate over any question affecting any individual member of the Class.

41. This action involves question of law common to all Class members because:

> **The Michigan Court of Appeals ruled on April 21, 2011, that the use of the non-judicial foreclosure by advertisement procedures as prescribed in MCL 600.3201, *et seq.* by MERS was illegal and that such foreclosure cases were void *ab initio*.**

42. Plaintiffs' claims are typical of those of other members of the Class as there are no material differences in the facts and law underlying the claims of Plaintiffs and the Class and by prosecuting their claims Plaintiffs will advance, assert and protect the claims and interests of Class members.

43. Plaintiffs' claims are consistent with, and not antagonistic to, those of the other members of the Class.

44. The common questions of law and fact among all Class members predominate over any issues affecting individual members of the Class, including but not limited to:

   a. whether the alleged conduct constitutes violations of the laws asserted herein;
   b. whether Plaintiffs and Class members are entitled to declaratory and injunctive relief;
   c. whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss;
   d. whether Plaintiffs and Class members have sustained consequential loss, and to what measure; and
   e. whether MERS' acts and omissions warrant punitive damages.

45. Plaintiffs' claims are typical of the claims of the proposed Class, and Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs have retained counsel that is competent and experienced in the prosecution of this type of litigation.

46. The questions of law and fact common to the Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

47. Class treatment of the claims set forth herein is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. Absent a class action, a multiplicity of individual

lawsuits would be required to address the claims between Class members and MERS, and inconsistent treatment and adjudication of the claims would likely result.

48. The litigation and trial of Plaintiffs' claims is manageable. The consistent provisions of the relevant law and the readily ascertainable identities of many Class members demonstrate that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

49. MERS has acted or refused to act on grounds that apply generally to the Class so that final injunctive relief and corresponding declaratory relief are appropriate.

50. MERS has acted and refused to act on grounds generally applicable to the Class, making appropriate injunctive relief with respect to the Class as a whole.

51. MERS' acts and omissions are the direct and proximate cause of Plaintiffs' and Class Members damage as described in the following Counts.

52. As the Michigan Court of Appeals released its ruling relevant to these matters on April, 21 2011, there has been little, if any, litigation concerning this exact controversy.

53. There is a desirability of concentrating this litigation within this Court and this District as:
   a. Plaintiffs reside within the District;
   b. Many of the affected Class members claims arise within this District;
   c. This District has the ability to effectively and efficiently manage the litigation;
   d. No party is inconvenienced by appearing in this District; and
   e. This District has the requisite experience relative to these matters as it has managed many similarly sized proceedings in the past.

## COUNT I
### INJUNCTIVE RELIEF AND DECLARATORY ORDER

54. Plaintiffs restate their foregoing allegations as if fully set forth herein.

55. Plaintiffs and several Class Members are currently involved in pending cases in the Courts of Michigan whereby MERS has illegally foreclosed upon their real property, through the use of the non-judicial foreclosure by advertisement procedures as prescribed in MCL 600.3201, *et seq.*

56. These cases are at varying stages within the foreclosure process including to the point where MERS, or persons acting on their direct behalf or that of MERS members, have requested

writs of eviction relative to persons living within the affected real properties, whether they be the property owner, renter or resident of such property.

57. Plaintiffs and Class Members request that this Court issue an injunctive order staying any further proceedings by MERS relative to these cases as the Court of Appeals of Michigan has ruled that such foreclosure actions are void *ab initio*.

58. Without such injunctive relief, Plaintiffs, Class Members and residents of the affected properties will suffer damages and irreparable harm.

59. Due to the acts and omissions of MERS, and the harm that would be caused by such continued acts and omissions, Plaintiffs request that this Court enter appropriate injunctive relief requiring MERS, and all others working on their behalf or on the behalf of MERS members, to cease and desist from any further activities, actions or sales pursuant to any case, proceedings or litigation filed by MERS as a non-judicial foreclosure by advertisement procedures as prescribed in MCL 600.3201, *et seq.*

60. Plaintiffs and Class Members request an appropriate order of this Court declaring the foreclosure actions of Defendant MERS as described herein void *ab initio*.

## COUNT II
## FRAUD AND MISREPRESENTATION

61. Plaintiffs restate their foregoing allegations as if fully set forth herein.

62. As set forth herein, Defendant MERS did misrepresent facts, or purposely fail to disclose material facts, in prosecution of non-judicial foreclosure by advertisement procedures as prescribed in MCL 600.3201, *et seq.*

63. The facts misrepresented were material to the transactions at issue.

64. Defendant MERS misrepresentations were made with knowledge of their falsity or with such utter disregard and recklessness as to whether such representations were true or false that knowledge may be inferred.

65. Defendant MERS misrepresentations were made with the intent of misleading the Plaintiffs and Class Members into relying upon them.

66. Plaintiffs and Class Members justifiably relied upon the misrepresentations made by the Defendant MERS to their detriment.

67. Defendant MERS misrepresentations and omissions were wanton and reckless.

68. Due to Defendant MERS fraud, misrepresentations and omissions, Plaintiffs and Class Members have been damaged in an amount in excess of One Hundred Million Dollars ($100,000,000.00).

## COUNT II
## CONVERSION

69. Plaintiffs restate their foregoing allegations as if fully set forth herein.

70. Based upon information and belief, Defendant MERS and others engaged in a continual course of conduct, pursuant to which they wrongfully dispossessed and/or disposed of the real property of the Plaintiffs and Class Members.

71. Defendant MERS and others converted these properties into cash which they received through the sale of the subject real properties or by their acquiring title thereto.

72. As a direct and proximate result of the conversions by Defendant MERS, Plaintiffs and Class Members have suffered substantial losses, and have been damaged.

73. Defendant MERS' acts of conversion demonstrated and constituted actual malice against the Plaintiffs and Class Members, in that such acts were fraudulent, willful, and/or illegal.

74. Due to Defendant MERS acts of conversion, Plaintiffs and Class Members have been damaged in an amount in excess of One Hundred Million Dollars ($100,000,000.00).

75. Due to Defendant MERS acts of conversion, Plaintiffs and Class Members are entitled to punitive damages in an amount in excess of Three Hundred Million Dollars ($300,000,000.00).

## COUNT III
## TRESPASS

76. Plaintiffs restate their foregoing allegations as if fully set forth herein.

77. Through their acts and omissions Defendant MERS did trespass upon and unlawfully interfere with Plaintiffs and Class Members rights and property.

78. Defendant MERS trespass and invasion of Plaintiffs and Class Members rights and property was unauthorized and illegal.

79. Defendant MERS trespass and invasion of Plaintiffs and Class Members rights and property was willful, wanton, reckless and malicious.

80. Due to Defendant MERS acts of trespass, Plaintiffs and Class Members have been damaged in an amount in excess of One Hundred Million Dollars ($100,000,000.00).

## COUNT IV

### THEFT

81. Plaintiffs restate their foregoing allegations as if fully set forth herein.

82. Defendant MERS through their acts and omissions did commit theft upon the Plaintiffs and Class Members, whereby they fraudulently took the property of Plaintiffs and Class Members, without their consent, intending to deprive them of the value of their property, and to appropriate said property to their own use or that of a MERS member.

83. Due to Defendant MERS acts of theft, Plaintiffs and Class Members have been damaged in an amount in excess of One Hundred Million Dollars ($100,000,000.00).

## COUNT V

### WRONGFUL FORECLOSURE

84. Plaintiffs restate their foregoing allegations as if fully set forth herein.

85. Defendant MERS through their acts and omissions did wrongfully and illegally foreclose upon Plaintiffs and Class Members through the means of a non-judicial foreclosure by advertisement procedures as prescribed in MCL 600.3201, *et seq.*

86. Due to Defendant MERS acts of wrongful foreclosure, Plaintiffs and Class Members have been damaged in an amount in excess of One Hundred Million Dollars ($100,000,000.00).

## COUNT VI

### VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT

87. Plaintiffs restate their foregoing allegations as if fully set forth herein.

88. Through their acts and omissions in the commission of their illegal foreclosures, Defendant MERS did violate the Michigan Consumers Protection Act MCL 445.901 *et seq.*

89. Due to Defendant MERS acts and omissions in violation of the Michigan Consumers Protection Act MCL 445.901 *et seq.*, Plaintiffs and Class Members seek the injunctive relief thereunder as set forth herein.

90. Due to Defendant MERS acts and omissions in violation of the Michigan Consumers Protection Act MCL 445.901 *et seq.*, Plaintiffs and Class Members have been damaged in an amount in excess of One Hundred Million Dollars ($100,000,000.00).

91. Due to Defendant MERS acts and omissions in violation of the Michigan Consumers Protection Act MCL 445.901 *et seq.*, Plaintiffs and Class Members seek all costs of this action, including actual and reasonable attorneys' fees, and punitive damages as prescribed per statute.

## COUNT VII

### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

92. Plaintiffs restate their foregoing allegations as if fully set forth herein.

93. Plaintiffs and Class Members are "consumers" as that term is defined in the Fair Debt Collections Practices Act 15 U.S.C. §§ 1692-1692p., as amended, ("FDCPA").

94. The acts and omissions of Defendant MERS involved transactions which were primarily for personal, family or household purposes.

95. Defendant MERS is a "debt collector" as that term is defined in the FDCPA.

96. In the collection of a debt Defendant MERS did utilize means, methods and conduct which served to harass, oppress and abuse Plaintiffs and Class Members.

97. In the collection of a debt Defendant MERS did utilize means, methods and conduct which were false, deceptive and/or misleading.

98. In the collection of a debt Defendant MERS did threaten and utilize unlawful and prohibited actions.

99. In the collection of a debt Defendant MERS did utilize unfair and/or unconscionable collections means.

100. In the collection of a debt Defendant MERS did fail to provide required written notices to Plaintiffs and Class Members.

101. Due to Defendant MERS acts and omissions in violation of the Fair Debt Collections Practices Act 15 U.S.C. §§ 1692-1692p., as amended, Plaintiffs and Class Members seek all costs of this action, including actual and reasonable attorneys' fees, and punitive damages as prescribed per statute.

## COUNT VIII

### ACTION TO SET ASIDE FORECLOSURES AND QUIET TITLE

102. Plaintiffs restate their foregoing allegations as if fully set forth herein.

103.     Defendant MERS' taking pursuant to foreclosures by advertisement against Plaintiffs and Class Members was unauthorized, without right, illegal and in violation of MCL 600.3201, *et seq.*

104.     Such taking by MERS, or any other party, places a cloud upon the title ownership to the affected real property.

105.     Due to Defendant MERS' illegal acts and omissions which caused damage to Plaintiffs and Class Members, this Court should enter an order voiding *ab initio* the foreclosures of MERS, all attendant foreclosure proceedings and the subsequent sales of the affected real property, and further order directing the return of the affected real property to the mortgagor Plaintiffs and Class Members.

## COUNT IX

### ACTION FOR POSSESSION/REPOSSESSION

106.     Plaintiffs restate their foregoing allegations as if fully set forth herein.

107.     Defendant MERS' foreclosures by advertisement against Plaintiffs and Class Members was unauthorized, without right, illegal and in violation of MCL 600.3201, *et seq.*

108.     Any title relative to the affected real property to the mortgagor Plaintiffs and Class Members obtained by MERS, or any other party, pursuant to attendant sheriff sale is void *ab initio* per the ruling of the Michigan Court of Appeals dated April 21, 2011.

109.     Such taking by MERS, or any other party, was done by trespass and without color of title or other possessory interest.

110.     Due to Defendant MERS' illegal acts and omissions, Plaintiffs and Class Members are entitled to possession/repossession of the affected real property.

## COUNT X

### INTERFERENCE WITH POSSESSORY INTEREST

111.     Plaintiffs restate their foregoing allegations as if fully set forth herein.

112.     Plaintiffs and Class Members had, among other rights and interests, a possessory interest in their affected real property.

113.     Defendant MERS did illegally and without authorization, substantially interfere and negatively affect Plaintiffs and Class Members rights and interest in the affected real property.

114. Pursuant to common law and MCL 600.2918, and due to Defendant MERS' illegal acts and omissions, Plaintiffs and Class Members are entitled to damages in an amount in excess of One Hundred Million Dollars ($100,000,000.00) and possession/repossession of their affected real property.

## COUNT XI
## UNJUST ENRICHMENT

115. Plaintiffs restate their foregoing allegations as if fully set forth herein.

116. Defendant MERS through their acts and omissions did wrongfully and illegally foreclose upon Plaintiffs and Class Members through the means of non-judicial foreclosure by advertisement procedures as prescribed in MCL 600.3201, *et seq.*

117. Due to Defendant MERS acts of wrongful foreclosure, Defendant MERS has been unjustly enriched through wrongful possession and the receipt of the proceeds of sale of Plaintiffs and Class Members affected real property.

118. Due to Defendant MERS acts of wrongful foreclosure, Defendant MERS has been unjustly enriched by their willful circumvention of the requisite judicial foreclosure process.

119. Due to Defendant MERS acts of wrongful foreclosure and their unjust enrichment, Plaintiffs and Class Members have been damaged and are entitled to restitution in an amount in excess of One Hundred Million Dollars ($100,000,000.00).

WHEREFORE, Plaintiffs on behalf of themselves and all represented Class Members, demand judgment in their favor and against Defendant Mortgage Electronic Registration System, Inc. as follows:

A. For an order certifying the Class defined herein, appointing undersigned counsel as Class Counsel, approving Plaintiffs as Class representatives, and requiring that notice be provided to the Class at MERS' expense, pursuant to Fed. R. Civ. P. 23;

B. As to Count I, appropriate injunctive relief requiring MERS, and all others working on their behalf or on the behalf of MERS members, to cease and desist from any further activities, actions or sales pursuant to any case, proceedings or litigation filed by MERS as a non-judicial foreclosure by advertisement procedures as prescribed in MCL 600.3201, *et seq.*;

C. As to Count II, in an amount in excess of One Hundred Million Dollars ($100,000,000.00) as compensatory damages along with an award in an amount in excess of Three Hundred Million Dollars ($300,000,000.00) as punitive damages;

D. As to Count III, in an amount in excess of One Hundred Million Dollars ($100,000,000.00) as compensatory damages;

E. As to Count IV, in an amount in excess of One Hundred Million Dollars ($100,000,000.00) as compensatory damages;

F. As to Count V, in an amount in excess of One Hundred Million Dollars ($100,000,000.00) as compensatory damages;

G. As to Count VI, in an amount in excess of One Hundred Million Dollars ($100,000,000.00) as compensatory damages along with all costs of this action, including actual and reasonable attorneys' fees, and punitive damages as prescribed per statute;

H. As to Count VII, in an amount in excess of One Hundred Million Dollars ($100,000,000.00) as compensatory damages along with all costs of this action, including actual and reasonable attorneys' fees, and punitive damages as prescribed per statute;

I. As to Count VIII, the entry of an order of this Court voiding *ab initio* the foreclosures of MERS, all attendant foreclosure proceedings and the subsequent sales of the affected real property, and further enter an additional order directing the return of the affected real property to the mortgagor Plaintiffs and Class Members;

J. As to Count IX, the entry of an order of this Court directing that possession of the affected real property be immediately returned to Plaintiffs and Class Members;

K. As to Count X, the entry of an order of this Court directing that possession of the affected real property be immediately returned to Plaintiffs and Class Members along with an entry of damages in an amount in excess of One Hundred Million Dollars ($100,000,000.00) and possession/repossession of their affected real property;

L. As to Count XI, in an amount in excess of One Hundred Million Dollars ($100,000,000.00).

M. All costs of this action including actual and reasonable attorneys' fees;

N. For exemplary, treble or punitive damages; and

O. Any other relief deemed appropriate by this Court at law or in equity.

Respectfully submitted:

*/s/ Brain Dailey, Esq.*

Brian T. Dailey (P39945)
Justin G. Grove (P71253)
Dailey Law Firm, P.C.
28000 Woodward, Suite 201
Royal Oak, Michigan 48067
Phone: (248) 744-5005
Facsimile: (248) 744-4440
Email: brian@daileylawyers.com
            justin@daileylawyers.com

Thomas D. Pigott (Ohio 0062919)
Pigott, Ltd.
2620 N. Centennial Road, Unit H
Toledo, Ohio  43617
Phone: (419) 776-4567
Facsimile: (419) 776-4568
Email: tpigott@pigottlaw.com

Attorneys for Plaintiffs and Class Members

**JURY DEMAND**

Plaintiffs and Class Members respectfully request a trial by jury of all claims herein.

*/s/ Brain Dailey, Esq.*

Brain Dailey, Esq.